FILED BY _____ D.C.

JUN 04 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ARI TEMAN,

       Petitioner,                                      Case No. [To Be Assigned]

v.

UNITED STATES OF AMERICA
and JIMMY WONG, Probation Officer,

       Respondents.

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This is a Petition for a Writ of Habeas Corpus filed on behalf the Petitioner ARI TEMAN, seeking relief to remedy his unlawful detention where the Respondents are the United States of America, as the entity imposing probation, and Jimmy Wong, TEMAN'S probation officer, as the immediate custodian in SDFL. Respondents are detaining ARI TEMAN pursuant to the probation order entered in Case No. 19-CR-696 (PAE) (S.D.N.Y.), where ARI TEMAN is being supervised by the Southern District of Florida (SDFL). To date, TEMAN has complied with supervision (pre-trial through post-sentencing) for six years without violations, has no prior criminal history, and Probation Officer Jimmy Wong has confirmed that TEMAN'S mental health treatment and banking can be monitored online. TEMAN is not a flight risk and has no intent or ability to leave Israel where he is currently residing and he is not a danger to the community. TEMAN argues that Judge Paul A. Engelmayer's orders violates his constitutional rights and personal safety by requiring him to fly from Israel to the USA against ENT orders backed by an objective ETF test while experiencing a severe medical condition that risks permanent deafness and lifetime pain or to take a nonexistent boat from the USA, despite being informed no such transportation exists.

1

## CUSTODY

"A person need not be physically imprisoned to be in custody under the statute; instead, habeas relief is available where the individual is subject to 'restraints not shared by the public generally.'" *Jones v. Cunningham*, 371 U.S. 236, 240, 83 S.Ct. 373 285 (1963). Accordingly, TERMAN is "in custody" for purposes of 28 U.S.C. § 2241 because he is subject to ongoing probation supervision, which imposes significant restraints on his liberty. The Supreme Court has long held that "custody" under § 2241 is not limited to physical incarceration. In *Jones v. Cunningham*, 371 U.S. 236, 243 (1963), the Court held that parole constitutes custody because it imposes substantial conditions restraining liberty. This reasoning has been extended to probation and similar forms of supervised release. See *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (custody includes "significant restraint on liberty not shared by the public generally"); *United States v. Wroblewski*, 816 F.2d 683, 684 (D.C. Cir. 1987) (probation satisfies § 2241 custody requirement). The Eleventh Circuit has likewise recognized that individuals on supervised release or probation may satisfy the "in custody" requirement. See *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) ("'Custody' is not limited to actual incarceration and includes parole, probation, and bail."). Because Mr. TEMAN remains under active federal probation supervision and is subject to restrictions on his travel, residency, and medical access, he is plainly "in custody" under § 2241.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 2241(a) to grant habeas corpus relief to a petitioner in custody, including those on probation, when such custody violates the Constitution or laws of the United States. TEMAN is "in custody" under probation supervised by the U.S. Probation Office in SDFL. *United States v. Wroblewski*, 816 F.2d 683, 684 (D.C. Cir. 1987).

## VENUE

Venue is proper in SDFL because TEMAN'S probation is administered by Probation Officer Jimmy Wong in this district, and Judge Engelmayer's June 1, 2025, order (Dkt. 531, S.D.N.Y.) requires TEMAN to reside in Miami Beach, placing him under SDFL's supervisory jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); 28 U.S.C. § 2241(a).

A 28 U.S.C. §2241 petition is properly filed in the district of confinement, making SDFL the appropriate venue. *Padilla*, 542 U.S. at 443. TEMAN'S 28 U.S.C. §2241 petition addresses the execution of TEMAN'S probation, which is unconstitutional. *Jones*, 371 U.S. at 243).

## PARTIES

Petitioner, ARI TEMAN is a resident and citizen who lives in Israel and has been on probation while in Israel. Respondents are the United States of America, as the entity imposing probation, and Jimmy Wong, TEMAN'S probation officer, as the immediate custodian in SDFL.

While probation officers are not jailers in the traditional sense, courts have routinely held that supervision constitutes custody for habeas purposes, and the supervising officer is an appropriate respondent. *See Wroblewski*, 816 F.2d at 684.

## STATEMENT OF ISSUES

Engelmayer - who is facing impeachment before Congress - has ignored exculpatory evidence in pending Rule 33 and Sanctions motions, now subject of an appeal filed by appellate attorney Thomas Butler of Miami Beach, for over 40 months and denied urgent surgeries against the emphatic urging of three board-certified specialists, further delaying critical care. Imaging taken at Mount Sinai, Akumin, and Sheba Medical Center in Tel Aviv all confirm that TEMAN has been 100% truthful about his medical conditions -- for which Mount Sinai's Dr. Wayne and

Dr. Georgiy Brusovanik confirm a need for surgery, and yet Engelmayer continues to deny TEMAN the ability to get the care required and is intent on dragging him through a months-long, dangerous and expensive multiple boat trip. TEMAN'S religious rights to exercise his belief that a Jew must reside in Israel, affirmed by Chief Rabbi David Lau, are also violated by Engelmayer's order given there is no compelling reason TEMAN needs to be physically in Miami for probation to confirm he is participating in weekly therapy (done by Zoom) and monitor his banking (done electronically). As TEMAN can earn a living and be with his elderly parents in Israel his religious beliefs hold that he must stay in Israel and the Chief Rabbi of Israel confirms this. Engelmayer- who regularly drags Jewish defendants and counsel unto court on Jewish holidays and keeps them into the Sabbath on Fridays even against their protests - refused to consider this and even called the Chief Rabbi's position "bogus". Such a judgement of a Rabbi's ruling is a violation of the Establishment Clause.

It is obvious that Engelmayer is driven by hate rather than law or logic because a multi-boat trip from Israel would land TEMAN in the USA *after* the requested fight delay by the ENT. That is, were Engelmayer actually interested in returning TEMAN to the USA and not torturing TEMAN and his elderly parents for exposing Engelmayer's abuses, he would say to take a fight the day after the ENT gives clearance, not travel for months by sea.

The denial of medical care by Judge Engelmayer in prison against the three separate board-certified experts advice has traumatized TEMAN who already suffers PTSD and caused TEMAN to become suicidal and even attempt suicide. Over a civil billing dispute where Engelmayer admits to calling the Government ex parte and having the entire prosecution team and theory changed 10 days before trial (Dkt. 326-1), to the ludicrous accusation that because clients with a profound history of not paying their vendors and actively defrauding others claim 3 years after they signed

4

up for TEMAN'S company's services that they *chose* not to read a subpage of the online terms that TEMAN should go to prison for enforcing them -- terms Engelmayer knows that TEMAN'S corporate attorneys provided and that TEMAN did not create! -- Engelmayer isolated TEMAN for 19 months for 20 hours a day and then stuck him in a cage with violent criminals and denied him urgently-needed medical care to the point TEMAN needed steroid injections in his spine for the first ever time in his life just to be able to sit or stand without agony. Without this relief TEMAN may end his life and that appears to be Engelmayer's objective. Even were these accusations true, the suffering inflicted by this judge whose personal animosity drips through every order to the point esteemed legal experts and even AI have all noted it, is far beyond what such an act by a first time offender would warrant. Engelmayer knows this, and as Dr. Jonathan Harrison MD noted in one letter to the Court, seems intent on causing TEMAN'S death.

The court should free this innocent young Jewish man with no criminal history and a lifetime of volunteering. TEMAN is the founder of the JCorps International Jewish volunteer network, was named the Jewish Federation's Hero of the Year, and has been honored by Chabad, Shalva, United Hatzalah, the Jewish Week, Ptach, FIDF, Meir Panim, and other organizations for his lifetime of volunteering. In contrast, 24 Orthodox and Chabad Rabbis, including members of the SDFL community, have called Engelmayer an antisemite and demanded he resign for his cheating and lies about Judaism and about TEMAN (Dkt. 326-1).

This court should grant the wishes of these many Rabbis and legal experts and TEMAN'S elderly and unwell parents and free this innocent young man today by ending probation and moving this case to SDFL where it can be given a fair adjudication free from Engelmayer's admitted regular ex parte calls (321-1).

## CLAIMS FOR RELIEF

## COUNT ONE

### CONSTITUTIONAL CLAIM

TEMAN'S detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment of the U.S. Constitution.

The Order entered by Judge Engelmayer violates TEMAN'S religious beliefs and practices in violation of the U.S. Constitution. Chief Rabbi David Lau affirms TEMAN'S religious obligation to reside in Israel to support his elderly parents and contribute to his community, consistent with Jewish law (Appendix 4, Rabbi Lau Letter). Engelmayer's orders to return to Miami Beach violate TEMAN'S First Amendment rights by substantially burdening his religious practices (Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993)).

Miami specialists Dr. Brusovanik and Dr. Wayne confirm TEMAN'S need for urgent urological and potential ENT surgeries (Appendix 8; Motion to Extend at 4). Engelmayer's prior denial of care, reliance on non-medical BOP opinions, and current delays exacerbate TEMAN'S pain and health risks (Appendix 8 at 1-2). This constitutes deliberate indifference, necessitating immediate release to allow TEMAN to access surgeries in Israel, where care is affordable and supported by family (Estelle, 429 U.S. at 104). Requiring TEMAN to travel through Europe and to the USA by boat while in pain and needing surgery is obviously an undo burden and clear retaliation by Engelmayer for being embarrassed by the many legal experts and Rabbis and leaders for his rampant abuses.

6

## COUNT TWO

The Order entered by Judge Engelmayer is cruel and unusual punishment in that requiring TEMAN to fly from Israel to the USA against ENT orders backed by an objective ETF test while experiencing a severe medical condition risks TEMAN to suffer permanent deafness and lifetime pain.

**Dangerous Travel Orders**:

Dr. Wolfovitz, an ENT specialist, ordered TEMAN not to fly for 90 days (April 24 to July 23, 2025) due to a serious ear condition, backed by an objective ETF test, warning that flying risks permanent deafness and lifetime pain (Dr. Wolfovitz Letter, Appendix 1 (attached); see also Dkt. 518-2, Case No. 19-CR-696 (S.D.N.Y.))

Judge Engelmayer's June 1, 2025, order (Dkt. 531) requires TEMAN to return to the USA by flying, directly contradicting Dr. Wolfovitz's orders, and falsely accuses TEMAN of fabricating his condition despite documented ENT visits (Motion to Extend, Dkt. 524-1).

Engelmayer alternatively orders TEMAN to return by boat, despite being informed no direct passenger boats exist from Israel to the USA. Taking a series of European and Cross-Atlantic cruises are financially unviable due to TEMAN'S indigency (Appendix 9) and unsafe given his medical conditions and conviction (Motion to Extend at 5, 8). Furthermore, TEMAN needs surgery urgently (Dr. Brusovanik, Dr. Wayne) and may need additional ENT surgery and does need regular follow-ups (Appendixs 1, 8).

**Medical Necessity and Denied Surgeries**:

Board-certified specialists in Miami, including Dr. Georgiy Brusovanik and Dr. Wayne, confirm TEMAN'S need for urgent urological surgery for a varicocele and potential ENT surgery

if his ear condition persists beyond July 23, 2025 (Appendix 8, Brusovanik Letter; Motion to Extend at 4).

MRIs and ultrasounds from Akumin and Mount Sinai substantiate TEMAN'S spinal, neck, and genital conditions, previously denied by Engelmayer based on a non-medical BOP administrator and a doctor who never examined TEMAN. (Appendix 8 at 1-2).

Engelmayer's orders continue to delay these surgeries, risking TEMAN'S health and violating Eighth Amendment protections against deliberate indifference (Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

**Financial Hardship**:

TEMAN is indigent, unable to afford counsel or European cruises, and relies on family support in Israel, where medical care is 75-90% cheaper than in the USA (Motion to Extend at 5-6).

**Engelmayer's Bias and Misconduct**:

Judge Engelmayer faces impeachment for judicial misconduct (H.Res.143, 119th Cong. (2025)), with TEMAN as a potential fact witness, creating a conflict (Dkt. 497 at 2).

Letters from 24 rabbis and legal experts allege Engelmayer's anti-Semitic remarks, ex parte communications with prosecutors (Dkt. 321-1), and conflicts via counsel Noam Biale's marriage to AUSA Margaret Grama (Appendix 5, pp. 3-15; Appendix 6).

## **LEGAL STANDARD**

Under 28 U.S.C. § 2241, a federal court may grant habeas relief to a petitioner in custody if their confinement violates the Constitution or federal law. Probation constitutes "custody" for habeas purposes. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Relief is warranted when

probation conditions impose unconstitutional burdens, such as deliberate indifference to medical needs (Eighth Amendment), infringement of religious freedoms (First Amendment), or denial of due process (Fifth Amendment). *Estelle v. Gamble*, 429 U.S. at 104; *Church of Lukumi*, 508 U.S. at 531; *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

## ARGUMENT

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under §2241." *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008). 28 U.S.C. §2241 authorizes a District Court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3).

Judge Engelmayer's order to fly from Israel to the USA (Dkt. 531) directly contradicts Dr. Wolfovitz's medical directive, backed by an ETF test, risking permanent deafness and chronic pain (Appendix 1). His alternative order to take a boat ignores the absence of direct passenger boats and the financial and safety barriers to European cruises (Motion to Extend at 5, 8;). This deliberate indifference to TEMAN'S serious medical needs violates the Eighth Amendment (*Estelle*, 429 U.S. at 104). Immediate release from probation is necessary to prevent irreparable harm, as TEMAN cannot safely or feasibly return to Miami Beach.

### I. TEMAN'S Compliance and Wong's Confirmation Justify Release

TEMAN'S six-year violation-free record and lack of criminal history demonstrate his low risk and rehabilitation. *United States v. Johnson*, 529 F.3d 493, 498 (2d Cir. 2008). Probation Officer Wong's statement that he can monitor TEMAN'S mental health treatment and banking online (Appendix 9) eliminates the need for in-person supervision in SDFL. Continued probation

serves no penological purpose and unlawfully restricts TEMAN'S access to medical care and religious practice in Israel.

## II. Engelmayer's Disregard of Exculpatory Evidence Denies Due Process

For over 40 months, Judge Engelmayer has ignored exculpatory evidence, including emails proving innocence (Dkt. 284 P7, 295, 374, 489; Appendix 6), and prejudged the pending 2255 motion by relying on untested affidavits (Dkts. 489, 490) before TEMAN'S reply (Dkt. 524). This denial of a fair hearing violates due process. *Mathews,* 424 U.S. at 333. Release from probation is warranted to mitigate the ongoing harm of Engelmayer's biased supervision pending resolution of these motions.

## III. Denied Surgeries Constitute Deliberate Indifference

Miami specialists Dr. Brusovanik and Dr. Wayne confirm TEMAN'S need for urgent urological and potential ENT surgeries (Appendix 8; Motion to Extend at 4). Engelmayer's prior denial of care, reliance on non-medical BOP opinions, and current delays exacerbate TEMAN'S pain and health risks (Appendix 8 at 1-2). This constitutes deliberate indifference, necessitating immediate release to allow TEMAN to access surgeries in Israel, where care is affordable and supported by family. *Estelle,* 429 U.S. at 104. Requiring TEMAN to travel through Europe and to the USA by boat while in pain and needing surgery is obviously an undo burden and clear retaliation by Engelmayer for being embarrassed by the many legal experts and Rabbis and leaders for his rampant abuses.

## IV.  An Order to Leave Israel for Monitoring of Zoom Therapy & Online Banking which Officer Wong confirms can be conducted remotely Violates TEMAN'S Religious Rights

Judge Engelmayer's order to reside in Miami Beach prevents TEMAN from fulfilling his religious obligation to live in Israel, as affirmed by Rabbi Lau (Appendix 4). This substantial burden on TEMAN'S religious practice, without a compelling governmental interest, violates the First Amendment (*Church of Lukumi*, 508 U.S. at 531). Release from probation is the least restrictive means to restore TEMAN'S religious freedoms.

**V. Esteemed Law Professors, Experts, Rabbis Call Case a "Legally Baseless" "Major Injustice" "Coverup"**

Esteemed law professors and legal experts, acting *pro bono*, including Lawrence Lessig, Alan Dershowitz, and Ronald Coleman, have publicly condemned the case against TEMAN as a "legally baseless" "major injustice" and a "coverup" for a mistaken arrest by a first-year SDNY Assistant U.S. Attorney (Appendix 5, pp. 7-15).

Evidence yet to be considered in TEMAN'S pending §2255 motion and Second Circuit appeals (S.D.N.Y. Case No. 19-CR-696; 2d Cir. Case No. 25-332) reveals that the SDNY facilitated three witnesses in concealing emails, text messages, and documents demonstrating their awareness of the online terms TEMAN enforced, their discussions of these terms in emails they failed to produce (or SDNY withheld), and their admissions to each other of being "legally liable" for fees TEMAN warned them about (Appendix 6, Coleman Affirmation).

**VI. US Pardon Attorney & DOJ Head of Civil Rights Firm Recommends a Pardon**

U.S. Pardon Attorney Edward Martin Jr. has repeatedly called for TEMAN'S pardon on X and podcasts, declaring his innocence, joined by Harmeet Dhillon, head of DOJ Civil Rights, and her law partner Ronald Coleman, who assert the accusations cannot constitute a crime (Appendix 5, pp. 11-15).

Given the strong expectation of a pardon or case dismissal, Judge Engelmayer's orders appear designed to force a probation violation by placing TEMAN in an unconstitutional dilemma: risk permanent deafness by flying against Dr. Wolfovitz's ETF-backed orders (Appendix 1) or face violation for failing to take a nonexistent or unsafe boat from Israel (Motion to Extend at 5, 8).

### VII. Practice in the District Supports Release from Probation

Moreover, TEMAN has served over one year of post-release supervision without violations, and Judge Engelmayer himself notes TEMAN'S compliance (Dkt. 533 at 2). Courts frequently permit defendants to relocate to family after a year of incident-free probation, as this supports rehabilitation . *United States v. Johnson*, 529 F.3d 493, 498 (2d Cir. 2008). This practice, combined with Probation Officer Jimmy Wong's confirmation of remote monitoring (Appendix 9), justifies terminating probation to allow TEMAN to remain with his elderly parents in Israel.

## <u>CONCLUSION</u>

This Court must consult the record and balance the government's interest TEMAN'S constitutional rights and liberty interest. If the balance tips in TEMAN'S favor, the District Court must grant TEMAN'S 28 U.S.C. §2241 habeas petition.

Considering that TEMAN has complied with all supervision conditions for over six years, including pre-trial, post-trial, and probation periods, with no violations since his 2019 indictment (Motion to Extend at 4); that TEMAN has no prior criminal history, posing no risk to the public, as evidenced by his violation-free record; and the fact that Probation Officer Jimmy Wong has emphatically confirmed that he can monitor TEMAN'S mental health treatment and banking activities online, as both are conducted virtually and Wong's statement supports modifying

probation to non-reporting status, allowing TEMAN to remain in Israel for medical and religious reasons without compromising supervision. (Declaration of TEMAN, attached as Appendix 9) tips the balance in TEMAN'S favor. Based upon the above arguments, the District Court must grant TEMAN'S 28 U.S.C. §2241 habeas petition.

## RELIEF REQUESTED

TEMAN seeks immediate release from probation to access potentially life-saving medical care, avoid permanent injury and end agonizing pain, and exercise his religious freedoms. US Pardon Attorney Edward Martin Jr has publicly called for ARI TEMAN to be pardoned on X/Twitter and so has DOJ Head of Civil Rights Harmeet Dhillon and her law partner Ronald Coleman (Dhillon Law)(Appendixs 2,3,7), so it is expected that the case against TEMAN will be dismissed or pardoned shortly -- and therefore requiring TEMAN to violate his religious beliefs and risk permanent deafness and injury is a clear tactic by Engelmayer to force TEMAN into a violation through an impossible order to take a non-existent boat trip (or financially unfeasible multiple-boat trip) from Israel to the USA as an alternative to flying against the ENT's orders and going permanently deaf.

TEMAN respectfully requests that this Court:

1.    Grant a writ of habeas corpus under 28 U.S.C. § 2241, immediately releasing TEMAN from probation in Case No. 19-CR-696 (PAE).

2.    Stay Engelmayer's June 1, 2025, return order (Dkt. 531) pending resolution of this petition.

3.    Permit TEMAN to remain in Israel to access urgent medical care and exercise his religious rights.

4.      Require Edward Martin Jr and Harmeet Dhillon to issue sworn statements themselves in any reply to this motion to avoid misrepresentations by others without their consent.

5.      Allow TEMAN to reply to any government response.

6.      Transferring venue to SDFL, where TEMAN'S probation is supervised, to ensure impartial adjudication. 28 U.S.C. §455(a); *United States v. Bari*, 750 F.2d 1169, 1178 (2d Cir. 1984).

7.      Grant any further relief deemed just and proper.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on June 2_____, 2025.   (Submitted 8:45pm Tel Aviv time, after Shavuot)

_____
ARI TEMAN

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the Court

on this 3rd day of June 2025, and was served via email upon the following:

- Hayden O'Byrne, Assistant U.S. Attorney, Southern District of Florida, 99 N.E. 4th Street,

  Miami, FL 33132, hayden.obyrne@usdoj.gov.

- Jacob H. Gutwillig, Assistant U.S. Attorney, Southern District of New York, New York,

  NY 10007,  jacob.gutwillig@usdoj.gov.

- Jimmy    Wong,    U.S.    Probation    Officer,    Southern    District    of    Florida,

  jimmy_wong@flsp.uscourts.gov.


                                    Respectfully submitted,

                                    JOFFE LAW, P.A.
                                    Attorney for Defendant
                                    The 110 Tower Building
                                    110 S.E. 6th Street
                                    17th Floor, Suite 1700
                                    Ft. Lauderdale, Florida  33301
                                    Telephone:    (954) 723-0007
                                    Facsimile:    (954) 723-0033
                                    davidjjoffe@aol.com

                                    By  *David J. Joffe*
                                       DAVID J. JOFFE, ESQUIRE
                                       FLORIDA BAR NO. 0814164



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.