UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22543-RAR

**ARI TEMAN**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**, *et al.*,

    Respondents.
_____/

## ORDER TO SHOW CAUSE

Petitioner Ari Teman has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). *See* Petition, [ECF No. 1]. The Petition asks the Court to "[g]rant a writ of habeas corpus under 28 U.S.C. § 2241, immediately releasing [Petitioner] from probation in Case No. 19-CR-696 (PAE)" before Judge Paul A. Engelmayer in the United States District Court for the Southern District of New York. *Id.* at 13.

Petitioner was convicted of four counts of bank and wire fraud and sentenced to one year and one day of imprisonment and three years of supervised release. *See* Judgment, *USA v. Teman*, Case No. 1:19-cr-00696-PAE-1 (S.D.N.Y. July 29, 2025) ("*Teman*"), ECF No. 253 at 1–4. Petitioner is "currently under probation supervised by the U.S. Probation Office in [the Southern District of Florida]." Petition at 2. On September 16, 2024, Judge Engelmayer granted Petitioner permission to travel to Israel from September 18, 2024, to November 6, 2024. Order, *Teman* (S.D.N.Y. Sept. 13, 2024), ECF No. 455. Upon return to the United States, Petitioner was required to report to Miami and surrender his passport to the probation office no later than November 19, 2024. *Id.* While in Israel, Petitioner made several requests to stay in Israel indefinitely; Judge Engelmayer denied the requests to remain in Israel indefinitely, but nevertheless granted several

extensions of Petitioner's authorized stay in Israel, ultimately requiring Petitioner's return to the United States by June 1, 2025.  *See id.* (S.D.N.Y. Nov. 7, 2024), ECF No. 465; *id.* (S.D.N.Y. Jan. 10, 2025), ECF No. 475; *id.*, (S.D.N.Y. Jan. 24, 2025), ECF No. 484; *id.* (S.D.N.Y. Apr. 17, 2024), ECF No. 531.

To date, Petitioner has not returned to the United States.  *See* Petition at 13 (indicating that Petitioner seeks to "remain in Israel").  Petitioner now requests that the Court "release" Petitioner from probation and stay Judge Engelmayer's Order requiring Petitioner to return to the United States.  *See* Petition at 9 ("Immediate release from probation is necessary to prevent irreparable harm[.]"); *id.* at 10 ("Release from probation is warranted[.]"); *id.* at 13 ("Teman seeks immediate release from probation"); *id.* (requesting that the Court "[g]rant a writ of habeas corpus under 28 U.S.C. § 2241, immediately releasing TEMAN from probation in Case No. 19-CR-696 (PAE)."); *id.* (requesting that the Court "stay [Judge] Engelmayer's June 1, 2025, return order (Dkt. 531) pending resolution of this petition.").

Although Petitioner claims he seeks relief under 28 U.S.C. § 2241, it appears on initial review of the Petition that the relief requested is more properly sought under 28 U.S.C. § 2255. "A federal prisoner typically must collaterally attack his conviction and sentence through a 28 U.S.C. § 2255 motion."  *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) (citing 28 U.S.C. § 2255(a)); *see also Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. [§] 2255, not 28 U.S.C. [§] 2241(c).").  Insofar as Petitioner seeks release from probation, the Petition appears to be an attack on Petitioner's conviction and sentence, a quintessential § 2255 motion. *See United States v. Walton*, 819 F. App'x 731, 733 (11th Cir. 2020) (describing the defendant's request for termination of his federal supervised release as "an improper collateral attack on his

sentence," which, as a general matter, "is presumed valid until vacated in a 28 U.S.C. § 2255 proceeding").

The only way Petitioner could use a § 2241 petition to challenge his conviction and sentence is if § 2255 proves to be "inadequate or ineffective to test the legality of detention" under § 2255's "saving clause," 28 U.S.C. § 2255(e). *Jeffus v. United States*, 2024 WL 3549212, at *2 (11th Cir. July 26, 2024) (cleaned up). "The saving clause permits a federal prisoner to proceed under § 2241 when, for example, he is: (1) 'challeng[ing] the execution of his sentence, such as the deprivation of good-time credits or parole determinations'; (2) the sentencing court was unavailable; or (3) 'practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate.'" *Id.* (quoting *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017)). Upon initial review of the Petition, none of these situations appear to apply here.

Whether the Petition is filed pursuant to § 2241 or § 2255 has important implications for this Court's jurisdiction. A § 2241 motion must be filed in the district of confinement—in this case, the Southern District of Florida. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). But a § 2255 motion must be filed in the "court which imposed the sentence" being challenged—in this case, the Southern District of New York.[1] *See* 28 U.S.C. § 2255(a). Consequently, if Petitioner seeks release from probation by attacking his conviction and sentence, the Court does not have jurisdiction and must either dismiss the case or transfer it to the Southern District of New York. *See Thompson v. Warden*, 2021 WL 4165335, at *2 (11th Cir. Sept. 14, 2021) ("The district court considered his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion to vacate and dismissed his

---

[1] The Court notes that Petitioner has already filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York. *See Teman v. United States of America*, Case No. 1:24-cv-08278-PAE (S.D.N.Y. Oct. 31, 2024), ECF No. 1.

case, because it was the court of detention, rather than the sentencing court, which would be the proper venue for a motion to vacate[.]  After careful review, we affirm."); 28 U.S.C. § 1631.

Accordingly, the Court having reviewed the Petition, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that, on or before **June 18, 2025**, Petitioner shall show cause (1) why Petitioner's request for release from probation is proper under 28 U.S.C. § 2241, and (2) explaining why the Court should not either dismiss the Petition or transfer it to the Southern District of New York.[2]

**DONE AND ORDERED** in Miami, Florida, on this 5th day of June, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[2] When a movant has not previously filed a § 2255 motion challenging his conviction, he must receive notice if his pleading will be treated as one. *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a pro se litigant's motion as a first § 2255 motion[,]" the court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it"). *Castro* arguably does not apply here because (1) Petitioner is represented by counsel, and (2) Petitioner has previously filed a § 2255 motion before Judge Engelmayer in the Southern District of New York. *See Teman v. United States of America*, Case No. 1:24-cv-08278-PAE (S.D.N.Y. Oct. 31, 2024), ECF No. 1. Nevertheless, the Court warns Petitioner that the failure to show good cause in compliance with this Order may result in the Court recharacterizing the instant Petition as a § 2255 motion, which would make any of Petitioner's future collateral attacks on his conviction and sentence subject to the rule against second or successive § 2255 motions.  Petitioner is advised that he may withdraw the Petition or amend it so that it contains all the § 2255 claims he believes he has.