B"H

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

ARI TEMAN,

*Petitioner,*

v.

UNITED STATES OF AMERICA,

*Respondent.*

Case No. 25-CV-22543-RAR

## NOTICE OF APPEAL: TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

Petitioner Ari Teman, proceeding pro se, hereby gives notice of appeal to the United States Court of Appeals for the Eleventh Circuit from the Order of the United States District Court for the Southern District of Florida, entered on July 31, 2025 [ECF No. 12], by Judge Rodolfo A. Ruiz, II, denying Petitioner's Motion for Reconsideration under **Federal Rule of Civil Procedure 60(b)** [ECF No. 11] of the court's Order of Transfer [ECF No. 9], which transferred this habeas corpus action brought under **28 U.S.C. § 2241** to the Southern District of New York (SDNY).

# GROUNDS FOR APPEAL

- **Erroneous Classification of § 2241 Petition**: The district court erred in concluding that Petitioner's § 2241 petition, which challenges the execution of supervised release conditions enforced by the SDFL U.S. Probation Office, is a § 2255 motion attacking the validity of his sentence. The petition addresses unconstitutional conditions, including impossible travel requirements and denial of medical care, which fall squarely within § 2241 jurisdiction. *See* **Hensley v. Municipal Court**, 411 U.S. 345, 351 (1973); **McCarthan v. Dir., Goodwill Indus.-Suncoast, Inc.**, 851 F.3d 1076, 1092 (11th Cir. 2017); **Jeffus v. United States**, 2024 WL 3549212, at *2 (11th Cir. July 26, 2024). This misclassification constitutes clear error under **Rule 60(b)(1)** and warrants reversal.

1

- **Improper Transfer to SDNY**: The district court's transfer to SDNY under **28 U.S.C. § 1631** was erroneous because the SDFL U.S. Probation Office, Petitioner's custodian, enforces the challenged conditions, vesting jurisdiction exclusively in SDFL. *See* **Rumsfeld v. Padilla**, 542 U.S. 426, 443 (2004); **Fernandez v. United States**, 941 F.2d 1488, 1495 (11th Cir. 1991). SDNY lacks authority over SDFL probation officers (*United States v. Teman*, Case No. 1:19-cr-00696-PAE, Dkt. 568 at 3).

- **Failure to Address Engelmayer's Conflicts**: The transfer subjected Petitioner to a conflicted tribunal under Judge Paul Engelmayer, a named defendant in this case, *Teman v. Probation* (Case No. 25-CV-22543-RAR), and *Teman v. Biale* (Case No. 1:25-cv-05454-LTS). Engelmayer's assignment violates **28 U.S.C. § 455(a)** due to his alleged concealment of defense counsel Noam Biale's marriage to AUSA Margaret Graham, admitted ex parte communications, and impeachment proceedings (H.Res. 143, 145, 119th Cong. (2025-2026)) (*Teman*, Dkt. 568 at 3; *Teman v. Biale*, Dkt. 1 at 2-4). *See* **Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847 (1988). His retaliatory fugitive designation further violates due process (*United States v. Bescond*\*, 2021 WL 4481483 (2d Cir. 2021)).

- **DOJ's Agreement on Engelmayer's Unfitness**: The DOJ, through Attorney General Pamela Bondi's public statements calling Engelmayer corrupt and advocating his impeachment, and the SDFL U.S. Attorney's Office's efforts to remove *United States v. Jones* and the matter of Daniel Hernandez (aka Tekashi 6ix9ine) from Engelmayer's court, confirms his unfitness. The district court failed to address this evidence, warranting relief under **Rule 60(b)(2) and (3)** (*Teman*, Dkt. 568 at 3).

- **Equal Protection Violation**: The Government's efforts to transfer Hernandez's case to SDFL, while opposing or failing to stipulate to the same for Petitioner, a Jewish defendant, lacks a rational basis and suggests discrimination based on religion or public status, violating the Fifth Amendment's equal protection principles. *See* **Bolling v. Sharpe**, 347 U.S. 497, 499 (1954); **City of Cleburne v. Cleburne Living Ctr.**, 473 U.S. 432, 439-40 (1985); **Yick Wo v. Hopkins**, 118 U.S. 356, 373-74 (1886). The district court's failure to address this issue constitutes error.

- **Manifest Injustice**: The transfer to SDNY, where Engelmayer stayed proceedings, prevents review of unconstitutional conditions, including orders to travel by non-existent boats and denial of medical care (*Teman*, Dkt. 568 at 2-3). This warrants relief under **Rule 60(b)(6)** to prevent manifest injustice. *See* **Gonzalez v. Crosby**, 545 U.S. 524, 528 (2005).

- **Termination of Counsel**: Petitioner, now pro se after terminating attorney Joffe due to the court's failure to address substantive arguments, was not afforded due consideration of his pro se status (*Teman*, Dkt. 568; *Teman v. Biale*, Dkt. 1).

## RELIEF SOUGHT

Petitioner respectfully requests that the Eleventh Circuit:

- Reverse the district court's Order [ECF No. 12] denying reconsideration;
- Vacate the Order of Transfer [ECF No. 9] and return jurisdiction to SDFL;
- Order Engelmayer's recusal under **28 U.S.C. § 455(a)**;
- Require the Government to respond, after conferring with Attorney General Bondi, regarding Engelmayer's unfitness, or treat the motion as unopposed;
- Remand for adjudication of the § 2241 petition's merits;
- Grant such other relief as the Court deems just.

**Dated**: August 1, 2025 / 7th of Av, 5785

**Respectfully submitted,**

/s/ Ari Teman

Ari Teman, Pro Se

**1521 Alton Road, #888**

**Miami Beach FL 33139**

---

**Certificate of Service**:

I certify that on August 1, 2025, a true and correct copy of this Notice of Appeal was filed with the Clerk of the United States District Court for the Southern District of Florida via courier in-person and served on counsel for Respondent via email and ECF via Clerk Filing.

/s/ Ari Teman

Ari Teman, Pro Se

3