**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



Ari Teman,
Petitioner,

v.

United States of America, et al.,
Respondents.

Case No. 1:25-cv-22543-RAR

Hon. Rodolfo A. Ruiz II

---

**MOTION FOR RELIEF FROM TRANSFER ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6), OR, IN THE ALTERNATIVE, MOTION TO RECALL TRANSFER**

---

Petitioner Ari Teman, proceeding pro se, respectfully moves this Court for relief from its June 18, 2025 Order transferring this action to the United States District Court for the Southern District of New York, pursuant to Federal Rule of Civil Procedure 60(b)(6). In the alternative, Petitioner respectfully requests that the Court recall the transfer in order to prevent a manifest injustice and restore Petitioner's access to a judicial forum.

This motion is based upon extraordinary circumstances that have arisen following the transfer—circumstances that were not and could not have been presented to this Court at the time it entered its transfer order. Specifically, the transferee court has stayed the action under the fugitive disentitlement doctrine and has refused to lift that stay, thereby preventing any adjudication of Petitioner's claims, including threshold jurisdictional issues. As a result, Petitioner is presently deprived of any forum in which to be heard.

---

**I. INTRODUCTION**

This case presents an unusual and deeply troubling procedural posture. Following transfer from this Court, the transferee court has declined to exercise jurisdiction over the action in any meaningful sense. Instead, it has imposed an indefinite stay under the fugitive disentitlement doctrine and has refused to lift that stay, even when presented with arguments addressing jurisdiction and the propriety of the doctrine's application.

The result is that Petitioner is unable to proceed in the transferee court, while this Court has relinquished jurisdiction based on the assumption that the case would be adjudicated elsewhere. Consequently, Petitioner is left without access to any court—unable to litigate his claims, unable to challenge jurisdiction, and unable to obtain review of any kind.

This is not a mere inconvenience or procedural complication. It is a complete breakdown of the transfer mechanism and a denial of the fundamental right of access to the courts. Rule 60(b)(6) exists precisely to address such extraordinary circumstances.

## II. PROCEDURAL BACKGROUND

Petitioner initiated this action in the Southern District of Florida as a petition for relief under 28 U.S.C. § 2241. On June 18, 2025, this Court entered an order transferring the case to the Southern District of New York pursuant to 28 U.S.C. § 1631. On July 31, 2025, this Court denied Petitioner's motion for reconsideration of that transfer order.

Following transfer, the Southern District of New York did not proceed to adjudicate the petition. Instead, it invoked the fugitive disentitlement doctrine and entered an order staying the case. Petitioner thereafter sought relief from that stay, including the opportunity to litigate jurisdictional issues and the merits of his petition. The transferee court denied that relief and has continued to maintain the stay.

The practical effect of these actions is that Petitioner cannot litigate his case in the Southern District of New York, and this Court has already relinquished jurisdiction based on the transfer. Accordingly, Petitioner is presently without any judicial forum.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) permits a court to relieve a party from an order for "any other reason that justifies relief." The Supreme Court has made clear that Rule 60(b)(6) applies in cases involving "extraordinary circumstances" that justify reopening a judgment in order to accomplish justice. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Such relief is appropriate where subsequent events render the original order fundamentally unfair or where enforcement of the order would produce an unjust result. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–64 (1988).

## IV. ARGUMENT

### A. Extraordinary Circumstances Warrant Relief

The circumstances presented here are extraordinary by any measure. At the time of transfer, this Court reasonably assumed that the transferee court would adjudicate the case, including any jurisdictional issues. That assumption has proven incorrect.

The transferee court has imposed an indefinite stay and has refused to adjudicate the petition or even permit litigation of threshold issues. This development fundamentally alters the posture of the case and creates a situation in which Petitioner is denied any opportunity to be heard.

Courts have consistently recognized that Rule 60(b)(6) relief is appropriate where procedural developments result in a party being effectively deprived of the ability to litigate. That is precisely what has occurred here.

## B. The Transfer No Longer Serves the "Interest of Justice" Under § 1631

Section 1631 authorizes transfer only where it is "in the interest of justice." The purpose of the statute is to ensure that cases are heard on their merits in an appropriate forum, not to create procedural obstacles or barriers to adjudication.

Where, as here, a transfer results in the complete inability of a litigant to obtain any adjudication, the statutory requirement is no longer satisfied. A transfer that eliminates access to judicial review cannot be said to serve the interest of justice.

## C. Petitioner Has Been Deprived of Access to the Courts

The Supreme Court has long recognized that access to the courts is a fundamental right protected by the Constitution. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

In the present case, Petitioner is unable to proceed in the transferee court due to the stay, and this Court has relinquished jurisdiction as a result of the transfer. The combined effect is that no court is available to hear the case.

This is not a situation in which litigation is merely delayed or complicated. It is one in which judicial review is entirely unavailable. Such a result is incompatible with basic principles of due process.

## D. The Transferee Court's Refusal to Adjudicate Undermines the Transfer

The Eleventh Circuit has indicated that transfer orders are generally not immediately appealable in part because litigants may seek relief in the transferee court or challenge the transfer after final judgment.

That framework presupposes that the transferee court will exercise jurisdiction and permit litigation to proceed. Here, however, the transferee court has declined to do so. By staying the case and refusing to lift the stay, it has effectively prevented any review.

As a result, the ordinary mechanisms for challenging the transfer are unavailable. This further underscores the need for this Court to act.

---

### E. The Application of Fugitive Disentitlement Is Improper

The fugitive disentitlement doctrine is a narrow, discretionary doctrine that must be applied with restraint. The Supreme Court has emphasized that it should not be used to bar claims where doing so is unnecessary or unjust. *Degen v. United States*, 517 U.S. 820, 828 (1996). Similarly, the Court has required a meaningful connection between the litigant's status and the proceedings at issue. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993).

The Eleventh Circuit has likewise recognized that the doctrine must be applied sparingly and in a manner consistent with equitable principles. *Magluta v. Samples*, 162 F.3d 662, 664–65 (11th Cir. 1998).

In this case, Petitioner was outside the United States with permission and did not abscond to evade these proceedings. His inability to return is the result of medical and safety constraints, not an attempt to frustrate the judicial process. Under these circumstances, the application of fugitive disentitlement to bar all adjudication is inconsistent with governing law.

---

### F. Intervening Supreme Court Authority Confirms the Impropriety of the Stay

In *Rico v. United States*, No. 24-1056 (U.S. Mar. 25, 2026), the Supreme Court clarified that courts may not rely on non-statutory equitable doctrines to expand or alter statutory schemes absent clear congressional authorization.

The fugitive disentitlement doctrine, as applied here, is a judge-made doctrine that is not grounded in the statutory framework governing § 2241 petitions. Its use to impose a complete bar on adjudication exceeds permissible limits and conflicts with the principles articulated in *Rico*.

---

### G. Relief Is Necessary to Prevent a Manifest Injustice

This case has entered a procedural void. The transferor court has relinquished jurisdiction, and the transferee court has refused to exercise it. Unless this Court intervenes, Petitioner will remain without any forum in which to pursue his claims.

Such a result would constitute a manifest injustice and would undermine confidence in the judicial process.

## V. REQUEST FOR ORDERED BRIEFING AND FULL ADVERSARIAL SUBMISSION

Given the exceptional posture of this case and the serious constitutional and jurisdictional issues presented, Petitioner respectfully requests that the Court direct Respondents to file a substantive response addressing both the factual record and the legal arguments raised herein before ruling on this motion.

This request is not merely procedural. The issues presented—including the complete denial of access to any judicial forum, the application of fugitive disentitlement under circumstances involving permission to remain abroad and medical inability to travel, and the impact of recent Supreme Court authority—are substantial and fact-dependent. Resolution of these issues would benefit from full adversarial presentation.

Courts routinely recognize the importance of allowing both sides to be heard, particularly where a motion implicates jurisdictional questions, due process concerns, and the potential denial of access to the courts. See, e.g., Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (emphasizing the fundamental requirement of an opportunity to be heard at a meaningful time and in a meaningful manner).

Here, the Government is uniquely positioned to address factual assertions regarding the basis for the stay, the feasibility of compliance with the conditions imposed by the transferee court, and the legal justification for the continued application of fugitive disentitlement. A response from Respondents would assist the Court in ensuring that its ruling is grounded in a complete and accurate record.

Accordingly, Petitioner respectfully requests that the Court (i) order Respondents to file a response within a reasonable time, and (ii) defer ruling on this motion until such response has been received and considered.

## V. RELIEF REQUESTED

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Vacate its June 18, 2025 Order transferring this action;
2. Reassert jurisdiction over the case;
3. Alternatively, issue an indicative ruling that it would grant such relief if jurisdiction were restored;

4. Order Respondents to file a substantive response addressing the factual and legal issues raised in this motion;

5. Defer ruling on this motion until such response is received and considered; and

6. Grant such other and further relief as the Court deems just and proper.

---

Respectfully submitted,

s/Ari Teman/

Ari Teman
Pro Se
1521 Alton Road #888
Miami Beach, FL 33139
ari@teman.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30 day of March, 2026, I caused a true and correct copy of the foregoing Motion to be served as follows:

**By UPS (Tracked)**
I placed the document via UPS with tracking, addressed to the Clerk of Court at:

U.S. District Court
Clerk's Office
400 North Miami Avenue, Room 8N09
Miami, FL 33128

**By Electronic Mail:**
I also transmitted a copy via electronic mail to the Office of the United States Attorney for the Southern District of Florida.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Ari Teman
Pro Se
1521 Alton Road #888
Miami Beach, FL 33139
ari@teman.com



