**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-22543-RAR**

**ARI TEMAN**,

      Petitioner,

v.

**UNITED STATES OF AMERICA**, *et al.*,

      Respondents.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM TRANSFER ORDER

**THIS CAUSE** comes before the Court on Petitioner's Motion for Relief from Transfer Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) or Motion to Recall Transfer, [ECF No. 22], filed on April 3, 2026.  On June 18, 2025, the Court transferred Petitioner's case to the U.S. District Court for the Southern District of New York.  *See* Order of Transfer, [ECF No. 9].  The Court noted that it lacked jurisdiction "[b]ecause the Petition appeared to attack the validity of Petitioner's sentence under 28 U.S.C. § 2255—and not the conditions of his confinement under 28 U.S.C. § 2241."  *Id*. at 1.  Accordingly, the Court transferred the case to the Southern District of New York "because a § 2255 motion must be filed in the 'court which imposed the sentence' being challenged."  *Id*. at 6 (quoting 28 U.S.C. § 2255(a)).

Now, Petitioner "moves this Court for relief from its June 18, 2025 Order [of Transfer] . . . pursuant to Federal Rule of Civil Procedure 60(b)(6)," or alternatively, "recall the transfer in order to prevent a manifest injustice and restore Petitioner's access to a judicial forum."  Mot. at 1.  After careful review of the record, Petitioner's Motion, [ECF No. 22], is **DENIED** as set forth herein.

*First*, as noted by the Clerk of Court, Petitioner's filing is deficient.  *See* Clerk's Notice of Filing Deficiency, [ECF No. 23].  Indeed, Petitioner's Motion is missing a signature, as required by the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

*Second*, even if Petitioner's Motion was properly filed, it wholly lacks merit.  The Court transferred and closed Petitioner's case on June 18, 2025.  [ECF No. 25].  As such, the Court is without jurisdiction to consider Petitioner's Motion.  And this is not Petitioner's first attempt to challenge the Court's Order of Transfer.  *See* Motion for Reconsideration, [ECF No. 11]; Notice of Appeal, [ECF No. 17].  Both this Court and the Eleventh Circuit have rejected Petitioner's attempts at challenging the Court's transfer to the Southern District of New York, where his case is now pending.  *See* [ECF No. 12]; *Teman v. United States*, No. 25-12659, 2026 WL 506614, at *1 (11th Cir. Feb. 24, 2026) ("Here, neither order that Teman challenges is immediately appealable . . . Teman could raise the transfer issue in an appeal from the final judgment or move the transferee court to retransfer the case.").

Accordingly, Petitioner' Motion, [ECF No. 22], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, on this 6th day of April, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**